UNITED STATES DISTRICT COURT FOR
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COMPASS FUNDING SOLUTIONS, LLC an Illinois limited liability company,<br><br>    Plaintiff,<br><br>  v.<br><br>JD FACTORS, LLC a California limited liability company,<br><br>    Defendant. | No: 16-cv-05707 |

### DEFENDANT J D FACTORS, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant J D Factors, ("Defendant"), by and through its undersigned counsel and pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby answers, as stated *infra* with respect to each numbered paragraph of the First Amended Complaint brought by Plaintiff Compass Funding Solutions, LLC ("Plaintiff") as follows:

1. Compass Funding Solutions, LLC ("CFS") is located at 450 W. 55th Street, Suite 200, Countryside, Illinois 60525. CFS also has offices at 15W580 N. Frontage Rd., Burr Ridge, DuPage County, Illinois 60527 where it operates it business.

  **ANSWER:** Defendant lacks sufficient information or knowledge to admit or deny the allegations in this paragraph.

2. JD Factors, LLC ("JDF"), upon information and belief is a California limited liability company with its principal place of business located at 500 Silver Spur Road, Suite 306, Palos Verdes California.

  **ANSWER:** Admit.

3. JDF transacts business in Illinois and has offices in Illinois including at 490 E. Roosevelt Road, West Chicago, Illinois 60185, and 301 S. County Farm Road, Wheaton, Illinois 60187.

>   **ANSWER:    Defendant denies that it has an office at 301 S. County Farm Road, Wheaton, Illinois 60187 but admits the remaining allegations.**

4. Upon information and belief, JDF is not registered with the Illinois Secretary of State's office to transact business in Illinois.

>   **ANSWER:    Deny.**

5. Upon information and belief, Synergy Truck Lines, Inc. ("Synergy") no longer operates in Illinois, but at all times relevant to this complaint did operate at 2212 Landmeier Rd., Elk Grove Village, Cook County, Illinois 60007.

>   **ANSWER:    Defendant lacks sufficient information or knowledge to admit or deny the allegations in this paragraph.**

6. Venue is proper in Cook County as Synergy was located in Cook County while the contract at issue was negotiated. See 735 ILCS 5/2-101.

>   **ANSWER:    Deny.**

7. JDF is in the factoring business whereby it purchases receivable accounts and extends lines of credit to companies in exchange for a security interest in the receivable accounts.

>   **ANSWER:    Defendant admits that it is in the factoring business and that it purchases accounts receivable and admits that it obtains a security interest in a client's Collateral as that term is defined in the specific agreements with its client which Collateral includes, among other things, its client's Accounts. Defendant denies the remaining allegations of this paragraph.**

8. At some time prior to July 9, 2015, JDF entered into an agreement with Synergy and purchased Synergy's accounts receivable or extended credit to Synergy in exchange for a security interest in Synergy's accounts receivable (the "Synergy-JDF Agreement").

>   **ANSWER:    Defendant admits that it entered into a Factoring and Security Agreement ("Factoring Agreement") with Synergy prior to**

2

>**July 9, 2015 and that it purchased accounts receivable from Synergy and that it obtained a security interest in Synergy's Collateral, as that term is defined in the Factoring Agreement which includes, among other things, Synergy's Accounts. Defendant denies the remaining allegations of this paragraph.**

9. Sometime thereafter, JDF and Synergy, either mutually or by unilateral action of one of the parties, agreed to terminate the Synergy-JDF Agreement, with Synergy repurchasing its accounts receivable and paying off its credit balance owing to JDF.

>**ANSWER:** **Admit.**

10. CFS is also a factoring company. On or before July 9, 2015, CFS and Synergy contemplated entering into a contract whereby CFS would purchase Synergy's accounts receivable, including the accounts receivable that were the subject of the Synergy-JDF Agreement, and which Synergy desired to repurchase and/or pay off in order to terminate the Synergy-JDF Agreement.

>**ANSWER:** **Defendant lacks sufficient information and knowledge to admit or deny the allegations of this paragraph.**

11. CFS, Synergy, and JDF all entered in a buyout agreement (the "Buyout Agreement") dated July 9, 2015. The Buyout Agreement is attached hereto as <u>Exhibit 1</u>. The Buyout Agreement contained representations and warranties by JDF. Pursuant to the Buyout Agreement, JDF agreed to transfer, sell, assign and convey to CFS any and all interest that JDF has in all accounts receivable, contracts and rights to payment of Synergy which had been assigned to JDF as collateral, and as explicitly set forth in Exhibit A to the Buyout Agreement (hereinafter, the "Purchased Accounts"). (See Exhibit A to <u>Exhibit 1</u>).

>**ANSWER:** **Admit, however, the document speaks for itself.**

12. The Buyout Agreement states that "Client hereby acknowledges and affirms the accuracy of Exhibit A." Buyout Agreement, paragraph 1. Client was a defined term in the Buyout Agreement and referred to Synergy Truck Lines, Inc. Buyout Agreement, paragraph 1.

3

> **ANSWER: Admit, however, the document speaks for itself.**

13. Pursuant to the terms of the Buyout Agreement dated July 9, 2015, CFS paid JDF $829,327.12 for three hundred eight nine (377) Purchased Accounts.

> **ANSWER: Defendant admits that Plaintiff paid it $829,327.12 pursuant to the terms of the Buyout Agreement for three hundred seventy-seven open invoices. Defendant denies the remaining allegations.**

14. CFS satisfied all of its obligations under the Buyout Agreement.

> **ANSWER: Deny. Defendant admits that Plaintiff paid it $829,327.12 pursuant to the terms of the Buyout Agreement, however Defendant is owed its attorneys' fees and costs under the Buyout Agreement.**

15. On or about October 1, 2015, CFS learned that approximately $404,985.00 worth of Purchased Accounts listed on Exhibit A to <u>Exhibit 1</u> did not, and do not exist.

> **ANSWER: Defendant lacks sufficient information and knowledge to admit or deny the allegations of this paragraph.**

16. Exhibit A to the Buyout Agreement contains approximately one hundred forty seven (147) non-existent and falsified Purchased Accounts purported to be from Amerifreight Systems, Inc., Commodity Services, Inc., England Logistics, Inc., and Mode Transportation- HQ in addition to the legitimate accounts.

> **ANSWER: Defendant lacks sufficient information and knowledge to admit or deny the allegations of this paragraph.**

17. <u>Exhibit 2</u> hereto is a list created by CFS listing accounts which are believed to be the fraudulent accounts that Synergy included as part of the Buyout Agreement. Four (4) of the 147 fraudulent accounts were already paid.

> **ANSWER: Defendant lacks sufficient information and knowledge to admit or deny the allegations of this paragraph.**

18. On or about October 16, 2015, Synergy entered into a written agreement with CFS in which Synergy admitted to creating fraudulent accounts that were included, in addition to the legitimate accounts, on Exhibit A to the Buyout Agreement. Synergy also agreed to repay CFS the amount of $393,000, of which to date, $46,000 has been repaid by Synergy to CFS as repayment for the fraudulent invoices. Synergy has ceased making payment as required by their October 16, 2015 agreement.

> **ANSWER: Defendant lacks sufficient information and knowledge to admit or deny the allegations of this paragraph.**

19. JDF has breached the Buyout Agreement because the Purchased Accounts set forth on Exhibit A included fraudulent accounts of no value.

> **ANSWER: Defendant denies that it breached the Buyout Agreement. Defendant lacks sufficient information and knowledge to admit or deny whether the "Purchased Accounts set forth on Exhibit A included fraudulent accounts of no value."**

20. JDF has further breached the Buyout Agreement by accepting compensation for any of the Purchased Accounts that did not actually exist and that were fraudulent.

> **ANSWER: Defendant denies that it further breached the Buyout Agreement. Defendant lacks sufficient information and knowledge to admit or deny that "any of the Purchased Accounts" "did not actually exist" and "were fraudulent."**

21. Synergy knew that Exhibit A to the Buyout Agreement included fraudulent accounts in addition to legitimate accounts.

> **ANSWER: Defendant lacks sufficient information and knowledge to admit or deny the allegations of this paragraph.**

22. CFS believed all Purchased Accounts to be legitimate accounts receivable.

> **ANSWER: Defendant lacks sufficient information and knowledge to admit or deny the allegations of this paragraph.**

23. Upon information and belief, JDF believed all Purchased Accounts to be legitimate accounts receivable.

> **ANSWER:** **Admit.**

24. Upon information and belief, the number and accounts of the Purchased Accounts were intended by JDF to be an essential term of the Buyout Agreement.

> **ANSWER:** **As phrased, the allegations of this paragraph are vague, ambiguous, uncertain, and non-sensical. Accordingly, Defendant lacks sufficient information and knowledge to admit or deny the allegations of this paragraph.**

25. The number and amounts of the Purchased Accounts were intended by CFS to be an essential term of the Buyout Agreement.

> **ANSWER:** **As phrased, the allegations of this paragraph are vague, ambiguous, uncertain, and non-sensical. Accordingly, Defendant lacks sufficient information and knowledge to admit or deny the allegations of this paragraph.**

26. Upon information and belief, Exhibit A to the Buyout Agreement was intended by JDF to reflect accounts that actually existed and not those that were fraudulently created and purported to exist.

> **ANSWER:** **Defendant admits that Exhibit A to the Buyout Agreement reflected invoices it had actually purchased from Synergy and were due and owing to Defendant at that time. Defendant lacks sufficient information or knowledge that the invoices were fraudulent created by Synergy.**

27. Exhibit A to the Buyout Agreement was intended by CFS to reflect accounts that actually existed and not those that were fraudulently created and purported to exist.

> **ANSWER:** **Defendant lacks sufficient information and knowledge to admit or deny the allegations of this paragraph.**

28. Because of Synergy's deceitful conduct in creating non-existent accounts to be included in the list of Purchased Accounts, there was no meeting of the minds between JDF and CFS regarding the Buyout Agreement.

**ANSWER:  Deny.**

29. Because of Synergy's deceitful conduct in creating non-existent accounts to be included in the list of Purchased Accounts, a mutual mistake of fact occurred by both CFS and JDF regarding the actual number of legitimate Purchased Accounts that actually existed.

**ANSWER:  Deny.**

30. Due to mutual mistake of fact by CFS and JDF, JDF breached the Buyout Agreement.

**ANSWER:  Deny.**

31. As a direct and proximate result of JDF's breach of the Buyout Agreement, CPS has suffered monetary damages of at least $393,000, less amounts already paid by Synergy, plus legal fees and costs which it shall be entitled to collect pursuant to Paragraph 9 of the Buyout Agreement. (Exhibit 1).

**ANSWER:  Deny.**

WHEREFORE, Plaintiff, Compass Funding Solutions, LLC, respectfully requests that this Court: 1) grant judgment in its favor on this Amended Complaint for Breach of Contract; and 2) reform the contract to conform to reflect the actual value of the accounts purchased by Plaintiff to reflect only the legitimate accounts included in the Purchased Accounts; and, 3) award it monetary damages, attorneys' fees and costs, and such other relief as this Court deems proper.

**ANSWER:  Defendant requests that this Court deny the relief requested by Plaintiff.**

FURTHER, by way of affirmative defenses, this Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. The First Amended Complaint fails to state facts sufficient to state any claims upon which relief can be granted against this Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Damage Caused by Plaintiff)

2. Plaintiff's claim is barred, in whole or in part, because any alleged damages suffered by Plaintiff, if any, occurred not as a result of Defendant's actions, but as a result of Plaintiff's own actions.

## THIRD AFFIRMATIVE DEFENSE

### (Damage Caused by Third Party)

3. Plaintiff's claim is barred, in whole or in part, because any alleged damages suffered by Plaintiff, if any, occurred not as a result of Defendant's actions, but as a result of conduct/actions of a third party(ies).

## FOURTH AFFIRMATIVE DEFENSE

### (No Causation/Not Proximate Cause/Superseding Cause)

4. No act or omission of or attributable to the Defendant was a substantial factor in bringing about the occurrences alleged in the First Amended Complaint or any damage or loss sustained by Plaintiff, nor was any act or omission of, or attributable to, the Defendant, a contributing cause thereof, and any alleged acts or omissions of, or attributable to, the Defendant were superseded by the acts or omissions of Plaintiff or of other persons, which acts or omissions of Plaintiff and of other persons were the independent, intervening and proximate causes of the occurrences alleged in the First Amended Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

5. Plaintiff's claim is barred or must be diminished, in whole or in part, because Plaintiff failed to take reasonable measures to mitigate or attempt to mitigate its damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

### (Extinguishment of Obligations)

6. Defendant alleges that it has performed, satisfied and discharged any and all duties and obligations it may have owed to Plaintiff.

### SEVENTH AFFIRMATVE DEFENSE

### (Lack of Due Diligence)

7. Defendant alleges that Plaintiff's claim is barred in that any alleged harm/damages sustained by Plaintiff was a result of Plaintiff's own lack of due diligence.

### EIGHTH AFFIRMATIVE DEFENSE

### (Uncertainty)

8. Defendant alleges the Complaint is uncertain and indecipherable as to the Defendant.

### NINTH AFFIRMATIVE DEFENSE

### (Lack of Notice)

9. Defendant alleges that Plaintiff failed to provide timely and sufficient notice of any deficiency in performance, breach of contract, or breach of duty on the part of Defendant and, therefore, the First Amended Complaint, and each and every purported claim thereof, is barred and/or Plaintiff's right of recovery as against the Defendant, if any, is barred or must be reduced accordingly.

### TENTH AFFIRMATIVE DEFENSE

### (Reservation of Additional Defenses)

10. Defendant hereby gives notice that it intends to rely upon any other defense that may become available or appear during discovery and investigation in these proceedings and hereby reserves the right to amend its Answer to assert any additional defenses.

**WHEREFORE,** this Defendant prays for judgment in its favor and against Plaintiff as follows:

      1.      That Plaintiff takes nothing from its First Amended Complaint and any purported claim therein, and that the First Amended Complaint and each claim therein be dismissed with prejudice;

      2.      That Judgment be entered in favor of this Defendant and against Plaintiff;

      3.      That this Defendant be awarded its costs of suit and attorneys' fees, to the extent recoverable; and

      4.      For such other and further relief as this Court may deem just and proper.

                                **J D FACTORS, LLC**

                          By:    /s/ Clay H. Phillips
                                   One of its Attorneys

SmithAmundsen LLC
Clay H. Phillips, Esq. (ARDC # 2199041)
Britta A. Sahlstrom, Esq. (ARDC# 6318035)
SmithAmundsen, LLC
150 North Michigan Avenue, Suite 3300
Chicago Illinois  60601
Telephone: (312) 894-3200
Facsimile: (312) 894-3210
cphillips@salawus.com
bsahlstrom@salawus.com
**ATTORNEYS FOR DEFENDANT**

Steven Kurtz, Esq. (Member of General Bar, ND Illinois)
Anne C. Manalili, Esq. (Member of General Bar, ND Illinois)
Levinson Arshonsky & Kurtz, LLP
15303 Ventura Blvd., Suite 1650
Sherman Oaks, CA 91403
Telephone: (818) 382-3434
Facsimile: (818) 382-3433
skurtz@laklawyers.com
amanalili@laklawyers.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      I, Clay H. Phillips, an attorney, certify that I served the foregoing Answer to the First Amended Complaint upon counsel for Compass Funding Solutions, LLC, Michael H. Israel, Duggan Bertsch, LLC, 303 W. Madison St., Suite 1000, Chicago IL 60606, by placing the same in U.S. Mail before 5:00 PM on this 6th day of June, 2016.

                /s/ Clay H. Phillips

SmithAmundsen LLC
Clay H. Phillips, Esq. (ARDC # 2199041)
Britta A. Sahlstrom, Esq. (ARDC# 6318035)
SmithAmundsen, LLC
150 North Michigan Avenue, Suite 3300
Chicago Illinois  60601
Telephone: (312) 894-3200
Facsimile: (312) 894-3210
cphilips@salawus.com
bsahlstrom@salawus.com
**ATTORNEYS FOR DEFENDANT**